**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTHONY MAISONET,<br>Appellant, | DOCKET NUMBER<br>AT-0752-24-0462-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE:  November 19, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ross A. Nabatoff, Washington, D.C., for the appellant.

Lawrence A. Berger, Glen Cove, New York, for the appellant.

Susan E. Gibson, Margo Chan, and Traci McCoy, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-13 Deputy United States Marshal (DUSM). Initial Appeal File (IAF), Tab 6 at 9-10. By letter dated October 31, 2023, the agency proposed to remove him from Federal employment based on the following four charges: (1) misuse of position (two specifications); (2) conduct unbecoming a DUSM (five specifications); (3) failure to follow instructions (two specifications); and (4) failure to follow policy (three specifications). *Id.* at 122-37. By letter dated April 4, 2024, the agency's deciding official notified the appellant that the charges and the proposed removal had been sustained. *Id.* at 10-24. This appeal followed. IAF, Tab 1.

After holding a hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 39, Initial Decision (ID). The administrative judge found that the agency proved its four charges and established the nexus requirement and the reasonableness of the penalty. ID at 3-15, 18-20. In addition, the administrative judge determined that the appellant

failed to establish his affirmative defenses of race discrimination and double punishment.[2]  ID at 15-18.

The appellant timely filed a petition for review after being granted an extension of time for filing his petition.  Petition for Review (PFR) File, Tabs 2-4.  The agency has filed a response to the petition, PFR File, Tab 6, and the appellant has filed a reply to the response, PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved its charges.

*Charge 1:  Misuse of Position*

To prove a charge of misuse of position, an agency must prove that the appellant misused his Government position resulting in private gain.  *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 11 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.  To prove its charge, the Board has held that the agency must show that the appellant actually received private gain, not just the appearance of private gain.  *See Mann v. Department of Health and Human Services*, 78 M.S.P.R. 1, 8 (1998).

Under the two specifications underlying this charge, the agency alleged that the appellant accessed two separate restricted law enforcement systems to query an individual for no official purpose.  IAF, Tab 6 at 123.  The administrative judge determined that, for both specifications, the agency met the necessary elements to prove the charge.  ID at 4.  In relevant part, the administrative judge found that, during his testimony, the appellant admitted to using the databases improperly.  *Id.*  Further, the administrative judge determined

---

[2] On petition for review, the appellant does not challenge the administrative judge's findings regarding these affirmative defenses, and we discern no basis for disturbing them.  Petition for Review File, Tab 4.

that the appellant did so to further his own private interests related to a personal relationship. *Id.*

On review, the appellant asserts that, to prove its charge, the agency needed to show monetary gain and that the agency did not show actual gain. PFR File, Tab 4 at 7-8. However, as noted by the administrative judge, the term "private gain" is not limited to monetary gain.[3] ID at 3. Moreover, the Board has found private gain in similar circumstances to those here. *See, e.g., Baker v. Department of Health and Human Services*, 41 M.S.P.R. 363, 366 (1989) (finding that the appellant's disclosure of confidential information to a subcontractor concerning finalists for a contract benefited the appellant's private interest, namely, his friendship with the subcontractor's employee), *aff'd*, 912 F.2d 1448 (Fed. Cir. 1990).

*Charge 2:  Conduct Unbecoming a DUSM*

The administrative judge correctly found that, to prove this charge, the agency must show the charged conduct occurred, and the conduct was improper, unsuitable, or detracted from the appellant's character or reputation. ID at 5; *see Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992). Relying in large part on comprehensive credibility determinations, the administrative judge

---

[3] The appellant also appears to be alleging that the agency violated his due process rights by not providing sufficient information on this charge in the notice of proposed removal. PFR File, Tab 4 at 6-7. However, the appellant did not raise a due process affirmative defense below. Specifically, it was not included in the administrative judge's August 1, 2024 Order and Summary of Prehearing Conference, and the appellant did not object to the exclusion of a due process affirmative defense. IAF, Tab 34; *see Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992) (noting that an issue is not properly before the Board when it is not included in the memorandum summarizing the prehearing conference, which states that no other issues will be considered unless either party objects to the exclusion of that issue). Moreover, the Board need not address any possible due process claim on review because the appellant has not shown that any such argument is new and material. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

sustained specification 1, in which the agency alleged that the appellant yelled at a Deputy-in-Charge. ID at 5-7. The administrative judge also found that the agency established the second specification—speaking unprofessionally to an Assistant Chief DUSM. ID at 8. In pertinent part, the administrative judge found that the appellant admitted during his hearing testimony that he was unprofessional during the conversation at issue. *Id.* The administrative judge did not sustain specification 3—failing to disclose he was out of the country when contacted by a supervisor—finding that the appellant's omission was not improper under the circumstances. ID at 8. After considering relevant witness testimony, the administrative judge sustained specification 4, which alleged that the appellant was disruptive in the office during a conversation. ID at 8-10. Furthermore, the administrative judge sustained specification 5, under which the agency alleged that the appellant was rude to a supervisor when she tried to discuss his performance review. ID at 10-11.

On review, the appellant challenges the administrative judge's credibility determinations relating to this charge. Specifically, the appellant argues that the administrative judge erred in finding the testimony of an Assistant Chief DUSM, J.B., to be credible and that the administrative judge erred in excluding testimony that would have shown that J.B. was biased against the appellant. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge's credibility findings regarding this charge were based on multiple witness accounts. ID at 7. Moreover, bias is only one of the relevant factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 458 (1987), and the appellant has not provided a basis for disturbing the administrative judge's comprehensive

credibility findings on review. *Id.* at 458 (setting forth factors that an administrative judge should consider in resolving credibility issues).

To the extent the appellant is alleging that the administrative judge abused his discretion in excluding relevant testimony, we find any such argument unavailing. The Board has found that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding testimony and evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed.Cir.2005). The appellant has failed to show that the administrative judge disallowed any relevant testimony that would have changed the outcome in this case.

Because the administrative judge properly sustained at least one of the specifications underlying the charge of conduct unbecoming a DUSM, he correctly found that the agency proved this charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

*Charge 3: Failure to follow instructions*

As noted by the administrative judge, to prove a charge of failure to follow instructions, the agency must show that (1) a proper instruction was given, and (2) the appellant failed to follow the policy or the instructions. The agency does not need to show that the failure to follow policy or instruction was intentional. ID at 11; *see Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). Under this charge, the agency specified that the appellant failed to follow instructions given to him in a written memorandum on October 28, 2022, when he attended a medical appointment while on administrative leave and when he traveled to Honduras while on administrative leave. IAF, Tab 6 at 126-28. The administrative judge found that, for both specifications, the agency established

the elements necessary to prove a charge of failure to follow instructions. ID at 11-13.

On review, the appellant alleges that the administrative judge should have merged both specifications. PFR File, Tab 4 at 15-16. However, merger of the specifications is not appropriate because they involve two distinct incidents of misconduct; specifically, the appellant traveled to Honduras the day after attending the medical appointment at issue. IAF, Tab 6 at 692. Moreover, even if merger was appropriate, we are not persuaded that merger of the specifications would have warranted a less serious penalty. *See Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 12 (2005) (holding that the fact that a charge has been merged into another does not mean that the duplicative charge is not sustained or that the misconduct somehow becomes less serious by virtue of the merger).

*Charge 4: Failure to follow policy*

To prove a charge of failure to follow policy or procedure, an agency must show that a proper policy or procedure existed and that the employee failed to follow it, without regard to whether the failure was intentional or unintentional. *See, e.g., Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555-57 (1996) (finding that an agency may establish a charge of failure to follow supervisory instructions by showing that proper instructions were given to an employee and that he failed to follow them, notwithstanding whether the failure was intentional or unintentional). The administrative judge found that the agency established the first specification of the charge, under which the agency stated that the appellant failed to follow U.S. Marshals Service policy when he did not report his foreign travel. ID at 13-14. Further, the administrative judge sustained the second specification underlying the charge, under which the agency charged the appellant with failing to follow U.S. Department of Justice policy when he used his personal credit card to pay for lodging while on official travel. ID at 14-15. The administrative judge did not sustain the third specification underlying the charge.

On review, the appellant asserts that the agency could not prove that he "intentionally used his personal credit [card] to pay for his hotel room." However, as set forth above, the agency was not required to establish that the misconduct was intentional to prove the charge. *See Hamilton*, 71 M.S.P.R. at 555-57. The appellant's arguments regarding this charge otherwise constitute mere disagreement with the administrative judge's well-reasoned determinations and do not provide a basis for review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 257, 359 (1987).

The administrative judge properly determined that the agency established nexus and the reasonableness of the penalty.

Regarding nexus, the administrative judge found that the agency established nexus because all of the misconduct at issue in this appeal occurred while the appellant was on duty or contravened explicit supervisory instructions. ID at 18-19. The appellant challenges this finding on review. PFR File, Tab 4 at 10-11. The administrative judge's finding that the agency established nexus under the circumstances is consistent with long-standing Board case law, and we discern no basis for disturbing it. *See Campbell v. Department of the Army*, 123 M.S.P.R. 674, 685 (2016) (finding that, when the conduct at issue occurred in part at work, there is a presumption of nexus); *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 24 (2014) (finding that an agency meets its burden to show nexus in a removal action based on the charge of failure to follow instructions because such misconduct relates directly to the efficiency of the appellant's service).

Concerning the penalty, where the charge is sustained, but not all the specifications are sustained, the Board still evaluates the penalty to determine

whether it is within the parameters of reasonableness but does so taking into consideration that failure to sustain certain specifications. *Simpkins v. U.S. Postal Service*, 79 M.S.P.R. 603, ¶ 4 (1998), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999). A non-exhaustive list of factors relevant to determining the appropriateness of a penalty were set out by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). While not purporting to be exhaustive, the Board identified the following factors: (1) the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. *Id*. at 305-06.

Here, the administrative judge found that the deciding official considered all of the *Douglas* factors and gave considerable weight to the appellant's two prior suspensions as well as the severity of the misconduct, especially in light of the appellant's position as a law enforcement officer.[4]   ID at 19.   The administrative judge agreed that the sustained misconduct was serious and took note of the Board's longstanding position that law enforcement officers are held to a higher standard of conduct.  ID at 20; *see, e.g.*, *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 8 (2001) (stating that a higher standard of conduct and degree of trust are required of an incumbent of a position with law enforcement duties).  The administrative judge determined that, accordingly, the penalty of removal was reasonable.

On review, the appellant argues that a less severe penalty was appropriate under the circumstances.  PFR File, Tab 4 at 11-13, 20-25.  Among other things, the appellant points out that the failure to follow instructions charge was less serious than a charge of insubordination.  PFR File, Tab 4 at 16.  However, the Board has nonetheless found that failure to follow instructions is a serious offense.  *See Hernandez v. Department of Agriculture*, 83 M.S.P.R. 371, ¶¶ 2, 9 (1999) (finding that failure to follow instructions is a serious charge); *Davis v. Smithsonian Institution*, 14 M.S.P.R. 397, 400 (1983) (finding that the offence of failure to obey an order "goes to the heart of the supervisor-employee relationship").  The appellant also alleges that several factors weigh in favor of

---

[4] Though not raised by the appellant on review, we recognize that the administrative judge referred to the appellant as a "supervisory law enforcement officer" when discussing the deciding official's choice of penalty.  ID at 19.  However, the proposing and deciding official both completed a *Douglas* analysis in which they referred to the appellant as a "sworn law enforcement officer."   IAF, Tab 6 at 17, 131.  Other documents throughout the record identify the appellant as a Deputy United States Marshal, Criminal Investigator.  *E.g.*, *id.* at 5, 9-10.  Thus, the administrative judge's one reference to the appellant's position as supervisory appears to be a typographical error.  We find this error harmless.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversal of an initial decision).

mitigation; however, as noted by the administrative judge, the deciding official appropriately considered the appellant's years of service and good performance record as mitigating factors. ID at 19; PFR File, Tab 4 at 23-24. We agree with the administrative judge that, under the circumstances, the removal penalty is within the parameters of reasonableness.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.